# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN MEJIA, individually, and on behalf of other members of the general public similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>COPART, INC., a Delaware corporation; COPART CATASTROPHE RESPONSE FLEET LLC, a Delaware limited liability company; COPARTDALLAS, LLC, a California limited liability company; COPARTHOUSTON, LLC, a California limited liability company and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No. 2:24-cv-01705-SPG-AYP<br><br>Assigned to the Hon. Sherilyn Peace Garnett<br><br>**JUDGMENT [JS-6]** |

Pursuant to the Court's Order Granting Plaintiff's Motion for Final Approval of Class Action and PAGA Settlement and Granting, in Part, Plaintiff's Motion for Attorneys' Fees, Costs, and a Class Representative Enhancement Payment and General Release Payment, (ECF No. 53), entered June 4, 2026, **JUDGMENT IS HEREBY ENTERED** as follows:

    1.    The Settlement Agreement between Plaintiff Edwin Mejia ("Plaintiff") and Defendants Copart, Inc., Copart Catastrophe Response Fleet LLC, Copart-Dallas,

LLC, and Copart-Houston, LLC ("Defendants"), with a gross settlement amount of $1,270,000.00, is approved as fair, just, reasonable, and adequate. The parties shall perform the Amended Joint Stipulation of Class Action and PAGA Settlement and Release ("Settlement Agreement") in accordance with its terms, as modified by the Court's Order;

2. Unless otherwise provided herein, all capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement;

3. This Judgment is binding on all Participating Class Members and PAGA Members;

4. The Settlement Class is certified for settlement purposes only, consisting of all persons who worked for Defendants as non-exempt, hourly paid employees in California at any time from January 29, 2020, through November 28, 2024;

5. The PAGA settlement is approved. The sum of $100,000.00 is allocated to settlement of PAGA civil penalty claims, of which $75,000.00 shall be paid to the California Labor and Workforce Development Agency and $25,000.00 shall be distributed to PAGA Members in accordance with the Settlement Agreement;

6. Participating Class Members have released and forever discharged the Released Parties from any and all Released Class Claims during the Class Period, as outlined in Paragraph 60 of the Settlement Agreement;

7. All PAGA Members and the LWDA have released and forever discharged the Released Parties from any and all Released PAGA Claims during the PAGA Period, as outlined in Paragraph 61 of the Settlement Agreement;

8. Edwin Mejia is appointed Class Representative and is awarded a class representative service payment of $5,000.00. The requested $10,000.00 general release payment is denied;

9. Attorneys Raul Perez, Robert J. Drexler, Jr., and Jonathan Lee of Capstone Law APC are appointed Class Counsel and are awarded attorneys' fees in the amount of $317,500.00 and litigation costs in the amount of $7,948.92;

JUDGMENT

10. CPT Group, Inc. is appointed Settlement Administrator and is awarded settlement administration expenses in the amount of $15,500.00;

11. The net settlement fund, calculated as the gross settlement amount of $1,270,000.00 less the amounts awarded in paragraphs 3 through 6 above (and less the $75,000.00 PAGA payment to the LWDA), shall be distributed to participating Class Members in accordance with the formula set forth in the Settlement Agreement. Any attorneys' fees not awarded by the Court shall be added to and distributed as part of the net settlement fund;

12. All Class Members who did not timely submit a valid request for exclusion are bound by the releases set forth in the Settlement Agreement. All PAGA Members are bound by the PAGA release set forth in the Settlement Agreement regardless of their participation in the Class;

13. The three Class Members who timely submitted valid requests for exclusion are excluded from the Settlement Class and are not bound by the Settlement Agreement or this Judgment;

14. Without affecting the finality of this Judgment, the Court retains jurisdiction over this matter for the purpose of enforcing the Settlement Agreement and this Judgment.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: ___June 15, 2026___                                      _____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

JUDGMENT